**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 31, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,

    Plaintiff Counterclaim Defendant –
Appellant,

v.

GENE L. MUSE, M.D.,

    Defendant Counterclaimant –
Appellee,

and

PATIA PEARSON,

    Defendant.

No. 21-6083
(D.C. No. 5:17-CV-01361-G)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

    Allianz Life Insurance Company of North America appeals from the district

court's order affirming the clerk's taxation of costs against Allianz and in favor of

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

appellee Gene L. Muse, M.D. Allianz argues that it is the prevailing party, entitled to costs under Federal Rule of Civil Procedure 54(d)(1), because the district court entered summary judgment in its favor on its declaratory judgment claim against Dr. Muse.

This court, however, recently reversed that decision in part. *See Allianz Life Ins. Co. of N. Am. v. Muse* (*Allianz I*), Nos. 20-6026, 20-6185, & 20-6186, 2022 WL 3701606, at *8, *14 (10th Cir. Aug. 26, 2022) (unpublished). In addition, *Allianz I* ordered further proceedings on other claims. *See id.* at *10, *13, *14-15. At this point, therefore, neither this court nor the district court can identify a prevailing party for purposes of Rule 54(d)(1). *See Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1095 (10th Cir. 2006) ("Because we are remanding this case for further proceedings, the 'prevailing party' has yet to be established, and thus we necessarily must vacate the district court's award of costs."); *see also Osborne v. Baxter Healthcare Corp.*, 798 F.3d 1260, 1281 (10th Cir. 2015) ("BioLife's argument [that it is entitled to costs] is premised on the determination that it is the prevailing party, and because we reverse and remand the grant of summary judgment, that determination is moot."). As in *Osborne*, "[o]n remand, the district court will have an opportunity to allocate costs as it sees fit in light of the proceedings to follow." 798 F.3d at 1281.

For these reasons, we vacate the district court's order affirming the clerk's taxation of costs and remand for further proceedings.

Entered for the Court

Nancy L. Moritz
Circuit Judge